UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :

v.                                :     Crim. No.  3:02cr0377(JBA)

LASHAUNDA CRYMES                  :     November 15, 2004

## MOTION FOR CERTIFICATE OF APPEALABILITY

COMES NOW the petitioner LaShaunda Crymes, pro se, pursuant to Federal Rules of Appellate Procedure, Rule 22(b) and respectfully requests this Court[1] issue a certificate of appealability certifying the following issue for appellate review:

> —whether a plea agreement's waiver provision bars collateral attack on grounds of ineffective assistance of counsel where the habeas petition contains no allegations of ineffective assistance with respect to the actual waiver itself, but instead challenges the validity of the plea agreement as a whole.

## STATEMENT OF FACTS

1. On or about November 5, 2003, Ms. Crymes petitioned under 28 U.S.C. § 2255 for postconviction relief alleging she was denied the effective assistance of counsel.

2. On or about January 20, 2004, the Government filed a brief opposing the petition which Ms. Crymes counterbriefed on or about April 19, 2004.

---

1. Lozada v. United States, 107 F.3d 1011, 1013 ("a motion for a COA (in either a section 2254 or a section 2255 case) can be considered and must be initially presented to a district court").

3.  On or about May 5, 2004 the Government filed a surreply which Ms. Crymes responded to on or about May 10, 2004.

4.  In an order dated October 27, 2004, the district court denied Ms. Crymes' motion 2255 - without addressing the merits of her ineffective assistance claim - ruling that her plea agreement's waiver provisions bar such a claim.

5.  On or about November 4, 2004 the petitioner filed a timely notice of appeal.

### Argument

When a district court denies a postconviction relief petition without reaching the merits of the underlying claim, "a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its [dismissal] ruling." **Slack v. McDaniel**, 529 US at 478. To determine whether the two part standard announced in **Slack** is met, a "quick look" at the face of the complaint is taken to access whether the petitioner has "facially alleged the denial of a constitutional right." **Jefferson v. Welborn**, 222 F.3d 286, 289 (7th Cir. 2000). Next, attention is given to the ruling - which must be deemed debatable. See **Franklin v. Hightower**, 215 F.3d 1196, 1199-1200 (11th Cir. 2000) (If he has facially alleged the denial of a constitutional right, and assuming that the district court's [dismissal] ruling is debatable, we will grant a COA.) The instant petition meets this two part standard.

I. <u>Ms. Crymes' petition states a valid claim of the denial of a constitutional right.</u>

In her § 2255 petition, Ms. Crymes facially alleges the denial of a constitutional right. In her motion, she contends that she was denied the effective assistance of counsel$_2$ as guaranteed by the Sixth Amendment to the United States Constitution. Specifically, she argues her attorney's performance was substandard because he failed to competently argue for the suppression of the only evidence$_3$ directly linking her to the crime when without such evidence, it is undisputed that a conviction would have been unlikely. In taking a "quick look" at the allegations of the petition at bar, it is clear that a valid claim of the denial of a constitutional right has been stated.

II. <u>The district court's ruling is debatable.</u>

The district court found that Ms. Crymes did not allege – nor did she present facts which support an inference – that her attorney was ineffective in advising her regarding the waiver of her appellate rights <u>specifically</u> and denied the motion as a result. While a showing of ineffectiveness with respect to the actual waiver itself is most certainly one instance in which a waiver may not be enforced, it is by no means exhaustive.

The petitioner argues that a § 2255 petition also survives a waiver

---

2. **Strickland v. Washington**, 466 US 668 (1984) (a petitioner may demonstrate ineffective assistance of counsel by establishing cause and prejudice.) See also, **Hill v. Lockhart**, 474 US 52, 57 (1985) (applying the **Strickland** standard to guilty plea challenges.)

3. **Kimmelman v. Morrison**, 477 US 365 (1986) (where prejudice results, an attorney may be constitutionally deficient for failing to fully and fairly litigate a petitioner's Fourth Amendment claim.)

where the movant claims the plea agreement altogether was entered into without effective assistance. It appears that various second circuit rulings support this position. See **United States v. Hernandez**, 242 F.3d 110 at 113-114 (2nd Cir. 2001) ("a plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the **plea agreement was entered into without effective assistance of counsel**") (emphasis added); **United States v. Ready**, 82 F.3d 551 at 555 (2nd Cir. 1996) (citing **United States v. Henderson**, 72 F.3d 463, 465 (5th Cir. 1995) ("defendant cannot validly waive right to appeal from a denial of the claim that the **plea agreement** was entered into with ineffective assistance of counsel") (emphasis added)).[4] Several district courts in this circuit have also expressed similar sentiments. See **Benigno v. United States**, 285 F.Supp. 2d 286 at 291 (EDNY 2003) ("Where, as here, a petitioner claims a violation of Rule 11 or the ineffectiveness of trial counsel, the Second Circuit has stated that she is not barred under the terms of the plea agreement from bringing

---

4. See also, **Frederick v. Warden**, 308 F.3d 192, 196 (2nd Cir. 2002) (citing **Jones v. United States**, 167 F.3d 1142, 1145 (7th Cir. 1999) (holding that waiver of right to file § 2255 motion is unenforceable where the defendant claims ineffective assistance of counsel with respect to the **agreement which effected the waiver**) (emphasis added)); **United States v. Johnson**, 347 F.3d 412 (2nd Cir. 2003) (citing **United States v. Cockerman**, 237 F.3d 1179, 1187 (10th Cir. 2001) ("[W]e hold that a plea agreement waiver of postconviction rights does not waive the right to bring a [habeas] petition based on ineffective assistance of counsel claims **challenging the validity of the plea or the waiver**") (emphasis added)); **United States v. Djelevic**, 161 F.3d 104, 107 (2nd Cir. 1998) (defendant does not "suggest that he received ineffective assistance of counsel in entering the **plea agreement**, an argument which, we have suggested, might cast doubt on the validity of the waiver") (emphasis added)).

a petition to vacate the conviction..."). See also **Santos v. United States**, 296 F.Supp. 2d 430 (EDNY 2003) and **Lebron v. United States**, 267 F.Supp. 2d 325 (EDNY 2003).

Although Ms. Crymes does not allege ineffective assistance with respect to the actual waiver itself, she does claim ineffective assistance regarding the agreement which effected the waiver. Because Ms. Crymes' argument against her waiver's enforceability is consistent with a substantial body of second circuit case law (as shown above), she firmly believes the district court's ruling is debatable. The **Slack** standard has thus been satisfied.

### Conclusion

Based on the foregoing, a certificate of appealability should issue, certifying this matter for appellate review.

Respectfully submitted,

*LaShaunda Crymes*
LaShaunda Crymes, pro se
Reg. No. 39018-060
Federal Correctional Institution
33½ Pembroke Station
Danbury, CT 06811-3099

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was forwarded via first class U.S. Mail, postage prepaid, this 15th day of November, 2004 to the following:

Mr. Kevin O'Connor, U.S. Attorney
United States Attorney's Office
157 Church Street
New Haven, CT 06510

*LaShaunda Crymes*
LaShaunda Crymes, pro se

-5-